IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 6:23-CR-00021-JDK |
| § | |
| v. § | |
| § | |
| LINDSEY DASHAY JONES § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 21, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Lindsey Dashay Jones. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, federal public defender.

Defendant originally pled guilty to the offense of Escape from Custody, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of V, was 12 to 18 months. On September 6, 2023, U.S. District Judge Jeremy Kernodle of the Eastern District of Texas sentenced Defendant to 18 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment. On December 23, 2024, Defendant completed her period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated her

1

conditions of supervised release on January 14 and January 28, 2025, when Defendant submitted a urine specimen that tested positive for methamphetamine. The government further alleges that Defendant admitted to use of methamphetamine on or about January 17, 2025. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade B violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 19 months imprisonment with no supervised release to follow, to run consecutive with any sentence imposed in Case Number 2:16-cr-3-2, pending in the Eastern District of Texas, Marshall Division.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that she be sentenced to 19 months imprisonment with no supervised release to follow, to run consecutive with any sentence imposed in Case Number 2:16-cr-3-2, pending in the Eastern District of Texas, Marshall Division. The court further **RECOMMENDS** that Defendant serve her

sentence at FMC Carswell, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of August, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE